In the Matter of 1608 MADISON AVE. CORP., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, January 19, 1953.

*Green & Ettinger* for petitioner.

*Robert H. Schaffer* and *Norman S. Fenton* for respondent.

HOFSTADTER, J.  This is an application to annul a determination of the State Rent Administrator denying the petitioner's protest against an order of the local rent administrator fixing the rent of a basement apartment in 1608 Madison Avenue at $15 a month.  The only substantial question requiring discussion is whether the premises involved were decontrolled.  If they were not, there was ample ground for reducing the rent from $30 to $15 a month, based on a physical inspection of the particular apartment and comparable housing accommodations.  The order was issued pursuant to subdivision (c) of section 36 of the State Rent and Eviction Regulations, covering a case where no registration statement had been filed.  The petitioner urges that the regulation is not applicable because the premises were converted into a living apartment in December, 1949, and rented as a housing accommodation for the first time on January 1, 1950.  It is the petitioner's claim that since the housing accommodations were created by conversion on or after February 1, 1947, they were not subject to control.  This contention, however, overlooks the provisions of the Federal Housing and Rent Act of 1949 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) and the regulations thereunder.  By the 1949 amendment of paragraph (3) of subdivision (c) of section 202 of the 1947 Act (U. S. Code, tit. 50, Appendix, § 1892, subd. [c], par. [3]), any housing accommodations resulting from any conversion created on or after the effective date of the Housing and Rent Act of 1949 (April 1, 1949) continue to be controlled housing accommodations unless the Housing Expediter issues an order decontrolling them.  Under the regulations issued by the Housing Expediter (§ 825.1, subd. vi, par. [b], cl. [2]) the owner was required to file a petition for a decontrol order.  The petitioner in this proceeding did not obtain an order decontrolling the apartment.  It follows that the apartment was subject to rent control and since no registration had been effected either with the Federal or the State authorities the Administrator properly established a maximum rent for it in accordance with

subdivision (c) of section 36 of the rent regulations. (*Paikoff* v. *McGoldrick*, N. Y. L. J., July 28, 1952, p. 153, col. 6, affd. 280 App. Div. 996.) It follows that the application must be denied, and the proceeding dismissed.